IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-112-FL

| | |
|---|---|
| CHARLES A. CANNADY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) ORDER<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE ## 22, 27).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") (DE # 30) wherein he recommends that the court deny plaintiff's motion, grant defendant's motion, and uphold the final decision of the Commissioner of Social Security ("Commissioner"). Plaintiff timely filed objections to the M&R, to which defendant responded, and plaintiff also filed a notice withdrawing a portion of his argument in support of his objection. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

## BACKGROUND

On September 21, 2005, plaintiff filed an application for a period of disability and disability insurance benefits, alleging a disability onset date of September 12, 2005, later amended to April 14, 2005. A hearing was held before an Administrative Law Judge ("ALJ"), who determined that plaintiff was not disabled in a decision dated May 21, 2008. After the Appeals Council granted plaintiff's request for review and remanded to the ALJ for further proceedings, the ALJ conducted a second hearing on February 3, 2010, and issued a second decision on March 17, 2010, determining that plaintiff was not disabled. The Appeals Council denied plaintiff's request for review on December 15, 2010. Plaintiff filed his complaint in this court on March 16, 2011, seeking review of the final administrative decision.

A detailed summary of the procedural and factual history of the case is found in the M&R. See M&R 3-14. Where plaintiff does not object to this portion of the M&R, the factual history of the case as set forth in the M&R is incorporated here by reference.

## DISCUSSION

I.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more

2

than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

3

Case 5:11-cv-00112-FL   Document 34   Filed 02/22/13   Page 3 of 6

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity through his date last insured of December 31, 2009. The ALJ then found at step two that plaintiff had the following severe impairments: bipolar disorder, personality disorder, obesity, hypertension, heat intolerance, and diabetes mellitus. However, at step three the ALJ further determined that these impairments were not sufficiently severe to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Prior to proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC") and found that plaintiff had the ability to perform a limited range of medium work. In making this assessment, the ALJ found plaintiff's statements about plaintiff's limitations not fully credible. The ALJ further found that plaintiff was unable to perform any past relevant work. However, at step five, upon considering plaintiff's age, education, work experience, and RFC, as well as testimony of a Vocational Expert ("VE"), the ALJ concluded that jobs exist in significant numbers in the national economy that plaintiff could perform. The ALJ therefore concluded that plaintiff had not been under a disability, as defined in the Social Security Act, at any time prior to December 31, 2009.

II.     Analysis

Plaintiff raises two objections to the M&R. First, plaintiff argues that the ALJ erred by not including insomnia in his hypothetical question to the VE, and that the magistrate judge erred in finding that the omission was not error. (Obj. at 1-5). In a subsequent notice regarding this objection, plaintiff withdrew his argument that the ALJ was required to mention it to the VE on the basis that the presence of insomnia was supported by substantial evidence. (Notice at 1). To the

4

extent plaintiff continues to maintain that the ALJ erred by not including insomnia in the hypothetical question, this objection is overruled.

An ALJ "need only pose those [hypothetical questions] that are based on substantial evidence and accurately reflect the plaintiff's limitations." France v. Apfel, 87 F. Supp. 2d 484, 490 (D. Md. 2000); see Mickles v. Shalala, 29 F.3d 918, 929 n.7 (4th Cir. Va. 1994) (Luttig, J. Concurring) ("[A]ll of the exertional and non-exertional limitations which the ALJ found to exist, were included in the hypothetical."). In this case, the ALJ posed a hypothetical to the VE that tracked the ALJ's findings regarding plaintiff's limitations. (Compare Tr. 558-59 (hypothetical posed) with Tr. 15 (RFC determination)). Accordingly, the ALJ properly included in his hypothetical only those limitations which the ALJ found to exist.

Second, plaintiff argues that the ALJ insufficiently explained his rationale for rejecting Dr. Tharwani's opinion on the severity of plaintiff's insomnia. (Obj. 5-7). Although the ALJ generally must accord greater weight to the testimony of a treating physician, such as Dr. Tharwani, "if a physician's opinion is not supported by the clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001).

In this case, the ALJ recognized plaintiff's claim that he had "problems with sleep," and discussed in detail the opinions of Dr. Tharwani and the medical evidence underlying the same. (Tr. 18-19). While the ALJ did not quote Dr. Tharwani's exact statements regarding plaintiff's insomnia, the ALJ sufficiently explained that "[t]o the extent Dr. Tharwani's opinion is construed to mean that the claimant cannot perform any work activity on a regular and continuing basis due to his mental impairments, it is not fully persuasive because of the inconsistency with his own treatment notes."

5

(Tr. 19). This conclusion is supported by substantial evidence, both as noted by the ALJ, (see Tr. 15-19), and as further confirmed by the detailed and cogent review of the record by the magistrate judge, which the court incorporates herein. See M&R at 4-16. Accordingly, the court overrules plaintiff's objection to the M&R and will uphold the decision of the ALJ. See Craig, 76 F.3d at 589.

## CONCLUSION

Upon de novo review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered reviewed of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full, GRANTS defendant's motion for judgment on the pleadings (DE # 27), DENIES plaintiff's motion for judgment on the pleadings (DE # 22), and upholds the final decision of the Commissioner. The clerk is directed to close this case.

SO ORDERED this the 22nd day of February, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge